IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

UNITED STATES OF AMERICA,
  Plaintiff,

vs.          Case No.:  3:13cv409/RS/EMT

WILLIAM R. BUSH, et al.,
  Defendants.
_____/

## REPORT AND RECOMMENDATION

  Plaintiff, the United States of America ("United States"), filed a complaint under 28 U.S.C. § 1345, to foreclose a mortgage on real estate located in Santa Rosa County, Florida (doc. 1).  The complaint names the following four Defendants:  William R. Bush, Alicia C. Bush, Kristina Bush, and Hollie Noelle Markoff (*id.*).  All Defendants have been duly served with legal process (doc. 9).  William Bush and Alicia Bush are the only Defendants who have appeared in this action (*see* docs. 5, 11).  The court has jurisdiction over the subject matter and the parties.

  The United States filed a motion for summary judgment, pursuant to Rule 56 of the Federal Rules of Civil Procedure (doc. 12).  The United States additionally filed supporting materials and a separate statement of material facts as to which it is contended there is no genuine issue to be trial (*see id.*).  On November 27, 2013, the undersigned issued an advisement order informing the parties of the importance and ramifications of summary judgment consideration and providing them with information as to the requirements for materials submitted for Rule 56 review (doc. 14).  The order advised Defendants that they must file and serve a separate, short and concise statement of the material facts as to which it is contended there exists a genuine issue to be tried, in the format set forth in Rule 56.1(A) of the Local Rules of the Northern District of Florida (*id.*).  The court expressly advised Defendants that all material facts set forth in the statement of material facts filed by the United States would be deemed to be admitted unless controverted by Defendants' statement

of material facts (*id.*).  To date, none of the Defendants have filed a response to the motion for summary judgment, and the deadline for doing so has passed.

The case was referred to the undersigned for the issuance of all preliminary orders and any recommendations to the district court regarding dispositive matters.  *See* N. D. Fla. Loc. R. 72.2(E); *see also* 28 U.S.C. § 636(b)(1)(B)(C); and Fed. R. Civ. P. 72(b).  Upon review of the parties' pleadings and submissions, the undersigned concludes the United States is entitled to summary judgment.

I.      RELEVANT FACTS[1]

The following facts are derived from the United States' statement of material facts as to which there is no genuine issue to be tried (doc. 12-1, Statement of Facts Relief Upon in Support of Motion for Summary Judgment).  Defendants did not file a statement of facts controverting any of the facts asserted by the United States; therefore, the United States' facts are deemed admitted by Defendants and undisputed for summary judgment purposes.  *See* N.D. Fla. Loc. R. 56.1(A).

On or about July 22, 2005, William R. Bush and Alicia C. Bush executed and delivered to the Small Business Administration ("SBA"), an agency of the United States, a promissory note ("the Note") in the amount of $97,000.00 to be secured by a mortgage on certain enumerated property, evidencing a loan (loan #89954040-01) made to them by the United States in that amount (doc. 1-5, Note).  The terms of the Note require Defendants William and Alicia Bush to repay the face amount of the loan in installments of $440.00 every month beginning July 22, 2006, together with interest at an annual rate of 3.187% (*id.*).  Paragraph 4 of the Note, identified as **DEFAULT**, is a provision that defines default under the terms of the Note to include failure to make a payment when due (*id.*).  Paragraph 5 of the Note, identified as **SBA'S RIGHTS IF THERE IS A DEFAULT**, includes provisions that permit the SBA, without notice or demand, to declare the total of the amount due immediately payable if the borrowers default, and permits the United States, acting through the SBA, to sue Defendants William and Alicia Bush for the security and for judgment (*id.*).  As security for the loan, Defendants William and Alicia Bush executed and delivered to the United States, acting

---

[1] As this case comes before the court on the United States's motion for summary judgment, the court views the facts in the light most favorable to Defendants as the non-moving parties, *see* <u>Hairston v. Gainesville Sun Publ'g Co.</u>, 9 F.3d 913, 918 (11th Cir. 1993), drawing those facts from the pleadings and other evidentiary materials on file.

through the SBA, a real estate mortgage creating a lien on certain real property located in Santa Rosa
County, Florida more particularly described as follows:

> Lot 11, Block "A", TOM KING ESTATES, a subdivision of a portion of section 3,
> Township 2 South, Range 27 West, according to plat filed in Plat Book "C", at Page
> 74, of the Public Records of Santa Rosa County.

> More commonly known as: 2873 Avenida De Soto, Navarre, Florida, 32566

(doc. 1-6, Mortgage) ("the Subject Property"). The Mortgage was recorded in Book 2481 at page
207 in the public records of Santa Rosa County, Florida.

William and Alicia Bush failed to make payments when due, which constituted a default on
the Note. As of November 22, 2013, there was due and owing the United States the principal sum
of $89,951.00, interest accrued through November 22, 2013 in the sum of $12,136.18, interest
accruing thereafter at a daily rate of $7.85, and costs of $1,070.00 (doc. 12-2, Affidavit of Steve
Mushnick ¶ 2).[2] At the time the United States filed this lawsuit, all of the Defendants resided at the
Subject Property (*see* Complaint ¶ 11; doc. 9, proofs of service).

II.     LEGAL STANDARD

Summary judgment is appropriate where the pleadings, depositions, answers to
interrogatories, admissions on file, and affidavits, if any, show that no genuine issue of material fact
exists and that the moving party is entitled to judgment as a matter of law. *See* Celotex Corp. v.
Catrett, 477 U.S. 317, 322, 106 S. Ct. 2548, 2552, 91 L. Ed. 2d 265 (1986). "The mere existence
of *some* alleged factual dispute between the parties," however, "will not defeat an otherwise properly
supported motion for summary judgment; the requirement is that there be no *genuine* issue of
*material* fact." Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248, 106 S. Ct. 2505, 2510, 91 L.
Ed. 2d 202 (1986) (emphasis in original). A dispute about a material fact is "genuine" "if the
evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* A fact
is "material" if it may affect the outcome of the case under the applicable substantive law. *See id.*

Where, as here, the moving party has the burden of proof at trial, it must support its motion
with credible evidence that would entitle it to a directed verdict if not controverted at trial. United

---

[2] In the complaint, the United States alleged it incurred costs to procure an appraisal and a title search of the
mortgaged property (Complaint ¶ 8).

States v. Four Parcels of Real Property in Greene and Tuscaloosa Counties in the State of Alabama, 941 F.2d 1428, 1438 (11th Cir. 1991) (en banc).  "In other words, the moving party must show that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable jury could find for the nonmoving party."  *Id.*

"When a motion for summary judgment is made and properly supported by affidavits, depositions, or answers to interrogatories, the adverse party may not rest on the mere allegations or denials of the moving party's pleadings.  Instead, the nonmoving party must respond by affidavits or otherwise and present specific allegations showing that there is a genuine issue of disputed fact for trial.  Fed. R. Civ. P. 56(e).  In assessing the sufficiency of the evidence, the court must view all the evidence, and all factual inferences reasonably drawn therefrom, in the light most favorable to the nonmoving party.  *See* Hairston v. Gainesville Sun Pub. Co., 9 F.3d 913, 918 (11th Cir. 1993).  A mere scintilla of evidence in support of the nonmoving party's position will not suffice to demonstrate a genuine issue of material fact and thereby preclude summary judgment.  *See* Walker v. Darby, 911 F.2d 1573, 1577 (11th Cir. 1990).  If the adverse party fails to show a genuine issue of material fact, summary judgment, if appropriate, may be entered against the nonmoving party.

III.    ANALYSIS

The United States has presented credible evidence to support the facts on which it moves for summary judgment to foreclose its mortgage.  The United States is the holder of the Note and mortgagee of the Mortgage, and thus has standing to foreclose on the Note and Mortgage.  The United States submitted an affidavit of Steve Mushnick, a supervisory loan specialist with the SBA, who states the amount due on the Note as of November 22, 2013, is a principal amount of $89,951.21, plus interest in the amount of $12,630.99, for a total of $102,582.20, with interest accruing at $7.85 per day, and costs of $1,070.00.  William and Alicia Bush, the borrowers of the Note and mortgagors of the Mortgage, failed to make payments when due in accordance with the terms of the Note; therefore, the Note is in default.  Williams and Alicia Bush do not dispute any of the facts asserted by the United States, including the fact that they failed to make payments in accordance with the terms of the Note and are thus in default.  William and Alicia Bush's only response to the Complaint is that they are attempting to obtain funds to repay the Note (*see* docs. 5, 11).  Defendants Katrina Bush and Hollie Noelle Markoff do not claim any interest in the Subject

Property. According to the terms of the Note and Mortgage, the United States is entitled to foreclose its mortgage lien on the Subject Property.

IV.     CONCLUSION

The United States has shown that, on all the essential elements of its case on which it bears the burden of proof at trial, no reasonable fact finder could find for Defendants. The United States has further shown that it is entitled to judgment as a matter of law. Therefore, the United States' motion for summary judgment should be granted and judgment entered in its favor.

Accordingly, it is respectfully **RECOMMENDED**:

1.      That the United States' motion for summary judgment for foreclosure against Defendants (doc. 12) be **GRANTED**.

2.      That the United States file a proposed final judgment of foreclosure within **FOURTEEN (14) DAYS** from the date of docketing of the order of the district court after consideration of this Report and Recommendation.[3]

At Pensacola, Florida this 3rd day of February 2014.

*/s/ Elizabeth M. Timothy*
**ELIZABETH M. TIMOTHY**
**UNITED STATES MAGISTRATE JUDGE**


**NOTICE TO THE PARTIES**

**Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof. Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control. A copy of objections shall be served upon the magistrate judge and all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; United States v. Roberts, 858 F.2d 698, 701 (11th Cir. 1988).**

---

[3] The undersigned is aware that the United States submitted a proposed final judgment of foreclosure with its motion for summary judgment (doc. 12-3). However, paragraph 3 of the proposed final judgment is inconsistent with regard to the amount due (the amount stated is different than the amount indicated numerically in parentheses), and that amount is less than the amount stated in the affidavit of amount due submitted in support of the motion for summary judgment (doc. 12-2).

Case No.: 3:13cv409/RS/EMT